# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

**STATE OF TENNESSEE v. GARRY LEE NANCE**

**Appeal from the Criminal Court for Hamilton County**
**Nos. 266128, 266302, 267878     Rebecca J. Stern, Judge**

---

**No. E2011-02646-CCA-R3-CD - Filed May 14, 2012**

---

The Defendant, Garry Lee Nance, appeals from the trial court's revocation of his probation and order that he serve part of his remaining sentences in confinement. The State has filed a motion requesting that this court affirm the trial court's judgments pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, the State's motion is granted, and the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Ardena J. Garth, District Public Defender; Richard K. Mabee, Assistant Public Defender (on appeal); and Blake Murchison, Assistant Public Defender (at hearing), for the appellant, Garry Lee Nance.

Robert E. Cooper, Attorney General and Reporter; Renee W. Turner, Senior Counsel; William H. Cox, III, District Attorney General; and Matthew Rogers, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

FACTUAL BACKGROUND

On May 6, 2008, the Defendant pled guilty in three separate cases in the Criminal Court of Hamilton County. In case number 266128, the Defendant pled guilty to aggravated burglary, a Class C felony, theft of property valued at $1,000 or more but less than $10,000, a Class D felony, and vandalism of property valued at $500 or less, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-14-103, -105, -403, -408. The Defendant received an effective

four-year sentence with eleven months and twenty-nine days to be served in confinement and the remainder of the sentence to be served on intensive probation. The Defendant was also ordered to pay restitution to the victim in the amount of $364. In case number 266302, the Defendant pled guilty to aggravated burglary and theft of property valued at $1,000 or more but less than $10,000. The Defendant received respective sentences of four and two years to be served on intensive probation and consecutive to his sentence in case number 266128. In case number 267878, the Defendant pled guilty to one count of possession of contraband in a penal institution, a Class C felony. See Tenn. Code Ann. § 39-16-201. The Defendant received a three-year sentence to be served on intensive probation and consecutive to his sentence in case number 266302.

On August 2, 2011, a probation violation report was filed against the Defendant. The report alleged that the Defendant had violated the terms of his probation by (1) being arrested in Roane County, Tennessee for theft over $500 but less than $1,000, forgery, theft of $500 or less, and possession of drug paraphernalia; (2) failing to work at a lawful occupation; (3) failing to inform his probation officer before changing his residence; (4) failing to carry out the lawful instructions given to him by his probation officer; (5) failing to report to his probation officer as instructed; (6) failing to comply with the mandates of the Administrative Case Review Committee; (7) failing to pay probation and supervision fees; (8) failing to pay court costs; and (9) failing to pay restitution to the victim. On August 3, 2011, the trial court issued a violation warrant for the Defendant's arrest. The trial court held a revocation hearing on December 5, 2011.

At the hearing, the Defendant's probation officer, Mindy White, testified that in August 2009, supervision of the Defendant was transferred to Roane County and that was when she began supervising him. Regarding the new offenses, Ms. White testified that on August 8, 2011, the Defendant pled guilty to "theft" and was sentenced to eleven months and twenty-nine days, which was suspended to "misdemeanor probation after serving [fifteen] days in . . . jail." The Defendant also pled guilty to possession of drug paraphernalia and received a suspended sentence. The Defendant was also charged with theft of property valued at greater than $500 but less than $1,000 and forgery. The Defendant pled guilty to a lesser charge of attempted theft and was sentenced to six months with thirty days to be spent in confinement and the remainder suspended to probation. Ms. White testified that the forgery charge was dismissed. According to Ms. White, the Defendant passed all of his drug tests during his probation. However, at the plea submission hearing on the new charges, the Defendant "express[ed] a need for drug treatment" to Ms. White.

Ms. White also testified that the Defendant's employment was "spotty at best" and that the Defendant "had a hard time with keeping [her] informed of where he was living." Ms. White explained that on three occasions she went to addresses provided to her by the

Defendant and learned that "he was no longer living there." Ms. White also testified that the Defendant "had a hard time reporting as required" and that his reporting was also "spotty at best." Ms. White explained that the Defendant was required to report to her twice a month and that there were "several months that he didn't report at all" and "many months that he only reported once." Ms. White also explained that the Defendant would not show up for scheduled appointments but instead would show up at random times. Additionally, Ms. White testified that the Defendant did not "follow through" with any of the mandates of the Administrative Case Review Committee.

The Defendant admitted that he had been convicted of three misdemeanors in Roane County. The Defendant explained that he committed the new offenses because he had become "a little stressed out" due to "domestic problems" and relapsed into "pain pill" addiction. The Defendant claimed that he always informed his probation officer about where he was staying but he testified that he "would stay where [he] could" and that he "never had a permanent residence to give her." The Defendant also failed to pay the remainder of his restitution, his probation and supervision fees, and his court costs. The Defendant explained that he paid what he could "when [he] could." When asked why he had only paid "around $100 or so" toward his restitution but could afford the tuition to attend community college, the Defendant testified that his tuition was "covered through [his] Pell grant." The Defendant further testified that he received $2,500 in extra financial aid which he used to buy "a trailer to live in, a car, a laptop, and [his] books for the semester," but not to pay any of the fees or expenses associated with his probation.

At the conclusion of the hearing, the trial court revoked the Defendant's probation in case number 266128 and 266302 and ordered those sentences into execution. The trial court dismissed the petition to revoke in case number 267878 and ordered the Defendant to serve his three-year sentence on intensive probation after his release in the previous two cases. Following the trial court's decision, the Defendant filed a timely notice of appeal to this court.

ANALYSIS

On appeal, the Defendant contends that the trial court erred in revoking his probation and ordering his sentences in case numbers 266128 and 266302 to be served in confinement. The Defendant argues that the trial court abused its discretion because "the record is void of any indication [that] the trial [court] considered the principles of sentencing." The Defendant further argues that the trial court abused its discretion by not considering "other options" and by not putting "findings and conclusions on the record." The Defendant specifically faults the trial judge for failing "to place an analysis of her reasons for revocation" in the record. The State responds that the Defendant admitted that he violated the terms of his probation

-3-

by being convicted of new charges and by using illegal drugs. The State argues that based upon this evidence, the trial court was within its discretion to revoke the Defendant probation and order his sentences into execution.

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). A trial court is not required to find that a violation of probation occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). "The evidence need only show [that the trial court] has exercised conscientious judgment in making the decision rather than acting arbitrarily." Id. Upon finding by a preponderance of the evidence that a defendant has violated the conditions of his release, the trial court "shall have the right . . . to revoke the probation and suspension of sentence" and either "commence the execution of the judgment as originally entered" or "[r]esentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration." Tenn. Code Ann. § 40-35-311(e) (emphasis added).

In reviewing the trial court's finding, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious, rather than an arbitrary, judgment. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

Here, the Defendant admitted at the revocation hearing that he had been convicted of three new charges in violation of the terms of his probation. The Defendant also admitted to violating the terms of his probation by using illegal drugs and failing to pay restitution. In addition to this, the Defendant's probation officer, Ms. White, testified that the Defendant also committed a number of technical violations. As such, the trial court had the right to revoke the Defendant's probation. Once a violation is established and the trial court revokes the probation, it is within the trial court's discretion as to whether the defendant's sentence will be ordered into execution. There is no requirement that the trial court consider "the principles of sentencing" or consider "other options" in making that decision. Here, there is no evidence that the trial court acted arbitrarily in ordering that the Defendant serve the remainder of his sentences in case numbers 266128 and 266302 in confinement. Accordingly, we conclude that the trial court did not abuse its discretion in this case.

## CONCLUSION

Upon due consideration of the pleadings, the record, and the applicable law, this court concludes that there is no error in the judgments of the trial court. Accordingly, we grant the State's motion for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals because this opinion does not have any precedential value. The judgments of the trial court are affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE